[Cite as *State v. Wilson*, 2025-Ohio-1985.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Andrew J. King, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. David M. Gormley, J. |
| -vs- | |
| TRAVIS WILSON | Case No. 24CA000022 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS: Appeal from the Guernsey County Court of Common Pleas, Case No. 24CR60

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 2, 2025

APPEARANCES:

For Plaintiff-Appellee

LINDSEY ANGLER, ESQ.
Guernsey County Prosecuting Attorney

JASON R. FARLEY
Assistant Prosecuting Attorney
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Hoffman, J.*

**{¶1}** Defendant-appellant Travis Wilson appeals the June 10, 2024 Judgment Entry of Sentence, entered by the Guernsey County Court of Common Pleas, which sentenced him to a nine-month prison term for one count of violating a protection order and ordered the sentence be served consecutive to the nine-month sentence imposed in Guernsey County Court of Common Pleas Case No. 23-CR-81 ("Guernsey Case No. 23-CR-81"). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On March 26, 2024, the Guernsey County Grand Jury indicted Appellant on one count of violating a protection order, in violation of R.C. 2919.27(A)(1) and (B)(3)(a), a felony of the fifth degree. Appellant appeared for arraignment on April 10, 2024, and entered a plea of not guilty. The trial court set a personal recognizance bond, ordered Appellant to participate in the pre-trial release program, and placed him on electronically-monitored house arrest. Although unclear from the record as to the reason, Appellant had been held in jail by the Guernsey County Municipal Court from March 16, 2024, through April 16, 2024.

**{¶3}** On March 28, 2024, in Guernsey Case No. 23-CR-81, the State filed a motion to revoke community control and notice of alleged violations. On April 19, 2024, the State filed a motion to revoke bond in the instant matter. In support of its motion, the State attached the April 17, 2024 Probationer Status Report prepared by intervention in lieu probation officer Remington Pickens. Therein, PO Pickens advised the trial court Appellant violated his probation conditions by having continuous contact with a convicted felon despite being informed he could not have contact with the individual. PO Pickens requested Appellant's bond be revoked. The trial court conducted a revocation hearing in

the instant matter on April 25, 2024. Via Entry filed April 26, 2024, the trial court revoked Appellant's personal recognizance bond.

{¶4} On May 22, 2024, Appellant appeared before the trial court, withdrew his former plea of not guilty, and entered a plea of guilty to one count of violating a protection order. After conducting a Crim.R. 11 colloquy, the trial court accepted Appellant's plea and found him guilty. The trial court deferred sentencing pending a presentence investigation.

{¶5} The trial court conducted a sentencing hearing on June 10, 2024, and imposed a prison term of nine (9) months. The trial court ordered the sentence be served consecutive to the nine-month sentence the trial court imposed in Guernsey Case No. 23-CR-81, for an aggregate prison term of eighteen (18) months. The trial court memorialized Appellant's sentence via Judgment Entry of Sentence filed June 10, 2024.

{¶6} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

SHOULD THIS COURT REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES BETWEEN GUERNSEY COUNTY CASES 2023 CR 81 AND 2024 CR 60?

I

{¶7} In his sole assignment of error, Appellant asserts the trial court's imposition of consecutive sentences was in contravention of R.C. 2929.14(C). We disagree.

**{¶8}** Under R.C. 2929.14(C)(4), the trial court may impose consecutive sentences if the court finds: consecutive sentences are necessary to protect the public from future crime or to punish the offender; consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public; and at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means the trial court "must note that it engaged in the analysis" and it "has considered the statutory criteria and specifie[d] which of the given bases warrants its decision." (Citation omitted.) *State v. Bonnell*, 2014-Ohio-3177, ¶ 26. However, a trial court is under no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied.  *Id.* at ¶ 37.

**{¶10}** In general, an appellate court should give broad deference to a trial court's sentencing decision and not serve as a "second-tier sentencing court." *State v. Blanton,* 2025-Ohio-237, ¶ 30 (4th Dist.), citing *State v. Glover*, 2024-Ohio-5195, ¶ 39. R.C.

2953.08(G) reflects that deference. A trial judge usually has the benefit of presiding over the trial, hearing the witnesses testify, receiving a defendant's allocution, and often hearing directly from the victims at sentencing. *Blanton* at ¶ 30. Thus, an appellate court possesses no inherent right to review a felony sentence "[e]xcept to the extent specifically directed by statute, 'it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence.' " *Id.*, citing *Glover*, ¶ 39.

{¶11} R.C. 2953.08(G)(2) does not allow an appellate court to reverse or modify a sentence because a trial court arguably abused its discretion. *Glover*, 2024-Ohio-5195, at ¶ 45. An appellate court may increase, decrease, or otherwise modify consecutive sentences only if it clearly and convincingly finds the record does not support the trial court's findings or it clearly and convincingly finds the sentence is contrary to law. *Id.* at ¶ 42. " '[C]lear and convincing evidence' is a degree of proof that is greater than preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases." (Citations omitted.) *Id.* at ¶ 46. Furthermore, "[n]owhere does the appellate-review statute direct an appellate court to consider the defendant's aggregate sentence. Rather, the appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings." *Id.* at ¶ 43.

{¶12} The trial court found consecutive sentences were necessary to protect the public from future crime by Appellant and to punish him. The trial court further found consecutive sentences were not disproportionate to the seriousness of Appellant's conduct and the danger he poses to the public, and Appellant committed one or more of the offenses while awaiting trial or sentencing. Appellant does not dispute the trial court

made the requisite findings under R.C. 2929.14(C)(4). Rather, he submits the trial court's findings were not clearly and convincingly supported by the record "when considering the nature of the offenses and the mitigating factors presented." Brief of Appellant at p. 11. Appellant adds, "[t]he imposition of consecutive sentences appears disproportionate to the conduct at issue, particularly given the non-violent nature of the offenses and the Appellant's expressed desire for rehabilitation and family reunification." *Id.*

{¶13} At the sentencing hearing, the trial court stated, as follows, regarding the imposition of consecutive sentences:

Consecutive sentences are appropriate if the Court finds they're necessary to punish Mr. Wilson or protect the public from future crime and they're not disproportionate to the seriousness of the conduct and – and the danger posed by Mr. Wilson, and one or more of the following, he committed one of the offenses while he was under a court sanction, which he did. And the Court does make those findings.

Transcript of June 10, 2024 Sentencing Hearing at p. 24.

{¶14} Upon review, we find the record clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4)(a)-(c). Appellant committed the instant offense, violating a protection order, while under court sanction, to wit: intervention in lieu of conviction in Guernsey Case No. 23-CR-81.

**{¶15}** Appellant's sole assignment of error is overruled.

**{¶16}** The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, J.

King, P.J. and

Gormley, J. concur